1   CENTER FOR DISABILITY ACCESS
    Raymond Ballister Jr., Esq., SBN 111282
2   Russell Handy, Esq., SBN 195058
    Dennis Price, Esq., SBN 279082
3   Amanda Seabock, Esq., SBN 289900
    Mail: 8033 Linda Vista Road, Suite 200
4   San Diego, CA 92111
    (858) 375-7385; (888) 422-5191 fax
5   amandas@potterhandy.com

6   Attorneys for Plaintiff

7

8

9                       UNITED STATES DISTRICT COURT

10                    CENTRAL DISTRICT OF CALIFORNIA

11

12  **Shirley Lindsay**,                    | **Case No**.

13          Plaintiff,

                                            | **Complaint For Damages And
14      v.                                  | Injunctive Relief For Violations
                                            | Of:** Americans With Disabilities
15  **Percell M. Keeling**, in individual   | Act; Unruh Civil Rights Act
    and representative capacity as
16  Trustee of The Percell M. Keeling
    Living Trust, dated June 20, 2007;
17  **P. M. Keeling Corporation**, a
    California Corporation; and Does 1-
18  10,

19          Defendants.

20

21      Plaintiff Shirley Lindsay complains of Percell M. Keeling, in individual

22  and representative capacity as Trustee of The Percell M. Keeling Living Trust,

23  dated June 20, 2007; P. M. Keeling Corporation, a California Corporation; and

24  Does 1-10 ("Defendants"), and alleges as follows:

25

26  **PARTIES:**

27      1.  Plaintiff is a California resident with physical disabilities. She suffers

28  from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar

                                    1

Complaint

1   spine; and essential hypertension) of her hands, knees, and hips. She uses both

2   a cane and wheelchair for mobility.

3      2.   Defendant Percell M. Keeling, in individual and representative capacity

4   as Trustee of The Percell M. Keeling Living Trust, dated June 20, 2007, owned

5   the real property located at or about 4508 W. Slauson Avenue, Los Angeles,

6   California, in January 2019.

7      3.   Defendant Percell M. Keeling, in individual and representative capacity

8   as Trustee of The Percell M. Keeling Living Trust, dated June 20, 2007, owned

9   the real property located at or about 4508 W. Slauson Avenue, Los Angeles,

10   California, in January 2020.

11      4.   Defendant Percell M. Keeling, in individual and representative capacity

12   as Trustee of The Percell M. Keeling Living Trust, dated June 20, 2007, owns

13   the real property located at or about 4508 W. Slauson Avenue, Los Angeles,

14   California, currently.

15      5.   Defendant P. M. Keeling Corporation owned Simply Wholesome

16   located at or about 4508 W. Slauson Avenue, Los Angeles, California, in

17   January 2019.

18      6.   Defendant P. M. Keeling Corporation owned Simply Wholesome

19   located at or about 4508 W. Slauson Avenue, Los Angeles, California, in

20   January 2020.

21      7.   Defendant P. M. Keeling Corporation owns Simply Wholesome located

22   at or about 4508 W. Slauson Avenue, Los Angeles, California, currently.

23      8.   Plaintiff does not know the true names of Defendants, their business

24   capacities, their ownership connection to the property and business, or their

25   relative responsibilities in causing the access violations herein complained of,

26   and alleges a joint venture and common enterprise by all such Defendants.

27   Plaintiff is informed and believes that each of the Defendants herein,

28   including Does 1 through 10, inclusive, is responsible in some capacity for the

2

Complaint

1    events herein alleged, or is a necessary party for obtaining appropriate relief.

2    Plaintiff will seek leave to amend when the true names, capacities,

3    connections, and responsibilities of the Defendants and Does 1 through 10,

4    inclusive, are ascertained.

5

6    **JURISDICTION & VENUE:**

7       9.   The Court has subject matter jurisdiction over the action pursuant to 28

8    U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

9    Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10      10. Pursuant to supplemental jurisdiction, an attendant and related cause

11   of action, arising from the same nucleus of operative facts and arising out of

12   the same transactions, is also brought under California's Unruh Civil Rights

13   Act, which act expressly incorporates the Americans with Disabilities Act.

14      11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

15   founded on the fact that the real property which is the subject of this action is

16   located in this district and that Plaintiff's cause of action arose in this district.

17

18   **FACTUAL ALLEGATIONS:**

19      12. Plaintiff went to Simply Wholesome in January 2019 and January 2020

20   with the intention to avail herself of its goods and to assess the business for

21   compliance with the disability access laws.

22      13. Simply Wholesome is a facility open to the public, a place of public

23   accommodation, and a business establishment.

24      14. Unfortunately, on the dates of the plaintiff's visits, the defendants failed

25   to provide wheelchair accessible sales counters in conformance with the ADA

26   Standards as it relates to wheelchair users like the plaintiff.

27      15. On information and belief, the defendants currently fail to provide

28   wheelchair accessible sales counters.

Complaint

16. Additionally, on the dates of the plaintiff's visits, the defendants failed to provide wheelchair accessible paths of travel leading to and through Simply Wholesome in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

17. On information and belief, the defendants currently fail to provide wheelchair accessible paths of travel in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

18. These barriers relate to and impact the plaintiff's disability. Plaintiff personally encountered these barriers.

19. As a wheelchair user, the plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

20. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

21. Even though the plaintiff did not confront the barrier, on information and belief the defendants currently fail to provide wheelchair accessible restrooms. Plaintiff seeks to have these barriers removed as they relate to and impact his disability.

22. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

23. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

24. Plaintiff will return to Simply Wholesome to avail herself of its goods

4

Complaint

1    and to determine compliance with the disability access laws once it is

2    represented to him that Simply Wholesome and its facilities are accessible.

3    Plaintiff is currently deterred from doing so because of her knowledge of the

4    existing barriers and her uncertainty about the existence of yet other barriers

5    on the site. If the barriers are not removed, the plaintiff will face unlawful and

6    discriminatory barriers again.

7        25. Given the obvious and blatant nature of the barriers and violations

8    alleged herein, the plaintiff alleges, on information and belief, that there are

9    other violations and barriers on the site that relate to her disability. Plaintiff

10   will amend the complaint, to provide proper notice regarding the scope of this

11   lawsuit, once she conducts a site inspection. However, please be on notice that

12   the plaintiff seeks to have all barriers related to her disability remedied. See

13   *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

14   encounters one barrier at a site, she can sue to have all barriers that relate to

15   her disability removed regardless of whether she personally encountered

16   them).

17

18   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

19   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

20   Defendants.) (42 U.S.C. section 12101, et seq.)

21       26. Plaintiff re-pleads and incorporates by reference, as if fully set forth

22   again herein, the allegations contained in all prior paragraphs of this

23   complaint.

24       27. Under the ADA, it is an act of discrimination to fail to ensure that the

25   privileges, advantages, accommodations, facilities, goods and services of any

26   place of public accommodation is offered on a full and equal basis by anyone

27   who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

28   § 12182(a). Discrimination is defined, inter alia, as follows:

Complaint

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

28. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

29. Here, accessible sales or transaction counters have not been provided in conformance with the ADA Standards.

30. When a business provides facilities such as paths of travel, it must provide accessible paths of travel.

31. Here, accessible paths of travel have not been provided in conformance with the ADA Standards.

32. When a business provides facilities such as restrooms, it must provide accessible restrooms.

33. Here, accessible restrooms have not been provided in conformance with

Complaint

1    the ADA Standards.

2    34. The Safe Harbor provisions of the 2010 Standards are not applicable

3    here because the conditions challenged in this lawsuit do not comply with the

4    1991 Standards.

5    35. A public accommodation must maintain in operable working condition

6    those features of its facilities and equipment that are required to be readily

7    accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

8    36. Here, the failure to ensure that the accessible facilities were available

9    and ready to be used by the plaintiff is a violation of the law.

10

11   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

12   **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

13   Code § 51-53.)

14   37. Plaintiff repleads and incorporates by reference, as if fully set forth

15   again herein, the allegations contained in all prior paragraphs of this

16   complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

17   that persons with disabilities are entitled to full and equal accommodations,

18   advantages, facilities, privileges, or services in all business establishment of

19   every kind whatsoever within the jurisdiction of the State of California. Cal.

20   Civ. Code §51(b).

21   38. The Unruh Act provides that a violation of the ADA is a violation of the

22   Unruh Act. Cal. Civ. Code, § 51(f).

23   39. Defendants' acts and omissions, as herein alleged, have violated the

24   Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

25   rights to full and equal use of the accommodations, advantages, facilities,

26   privileges, or services offered.

27   40. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

28   discomfort or embarrassment for the plaintiff, the defendants are also each

Complaint

1  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

2  (c).)

3

4      **PRAYER**:

5      Wherefore, Plaintiff prays that this Court award damages and provide

6  relief as follows:

7      1. For injunctive relief, compelling Defendants to comply with the

8  Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

9  plaintiff is not invoking section 55 of the California Civil Code and is not

10 seeking injunctive relief under the Disabled Persons Act at all.

11     2. Damages under the Unruh Civil Rights Act, which provides for actual

12 damages and a statutory minimum of $4,000 for each offense.

13     3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

14 to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

15

16

17 Dated: July 31, 2020            CENTER FOR DISABILITY ACCESS

18

19                                By:

20                                _____

21                                Russell Handy, Esq.
                                  Attorney for plaintiff

22

23

24

25

26

27

28

Complaint